SELWYN A. ROBINSON, et al., Plaintiffs-Appellees, *v.* GEORGE R. ARIYOSHI, Governor, et al., Defendants-Appellants, and McBRYDE SUGAR COMPANY, LIMITED, et al., Defendants-Appellees

NO. 8241

AUGUST 15, 1983

LUM, C.J., NAKAMURA AND HAYASHI, JJ.*

*Per Curiam.* Appellees have filed timely motions for reconsideration of the decision in this case, 65 Haw. 641, 658 P.2d 287 (1982).

---

*Former Chief Justice Richardson, who heard oral argument and who authored the opinion of the court in this case, retired from the court on December 30, 1982. Retired Justice Menor, who also heard oral argument and who signed the opinion of the court, became ineligible to continue on this case when he entered private practice on February 22, 1983. HRS § 602-10 (1982 Supp.) provides: "After oral argument of a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."

We decline to grant the relief sought by appellees. There is one point raised by appellees, however, which warrants clarification. In part I of our answer to Certified Question No. 5, relying on abbreviated court minutes, we indicated that in the rehearing to the *McBryde* case, oral argument was presented on the issue of whether the decision in *McBryde* constituted an unconstitutional taking of private property. *Id.* at 660, 658 P.2d at 301. Affidavits furnished by appellees' counsel who were present at the *McBryde* rehearing state that no such oral argument was allowed.

Assuming that appellees' counsel are correct, we would not modify the conclusion reached in part I of our answer to Question 5. That conclusion was based on (1) the fact that under the court's rehearing procedures, appellees were allowed to, and in fact proceeded to, argue the constitutional issues in their petitions for rehearing and accompanying memoranda; and (2) the availability of further review by the United States Supreme Court. We remain satisfied that appellees were provided sufficient opportunity to raise their constitutional claims, and thus find no reason to modify the result reached in our answer to Question 5.

The motions for reconsideration are denied.

*Alexander C. Marrack (Hoddick, Reinwald, O'Connor & Marrack)* for plaintiffs-appellees Selwyn R. Robinson, et al.

*J. Russell Cades (Cades, Schutte, Fleming & Wright)* for defendant-appellee McBryde Sugar Co.

*William F. Quinn (Goodsill, Anderson, Quinn & Stifel)* for defendant-appellee Olokele Sugar Co.
on the motions.